1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

In Re:

YBA NINETEEN, LLC,

      Debtor.

_____

YBA NINETEEN, LLC,

      Appellant,

v.

INDYMAC VENTURE, LLC,

      Appellee.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 13cv1326-WQH-RBB

Bankruptcy No. 13-00968-LA11

**ORDER**

HAYES, Judge:

      The matter before the Court is the Ex Parte Motion for Stay Pending Appeal, filed by Appellant YBA Nineteen, LLC.  (ECF No. 2).

**I.**    **Background**

      On June 6, 2013, Appellant, the debtor in the underlying bankruptcy case, filed a notice of appeal of an "Order on Debtor's Emergency Motion for New Hearing under FRBP Rule 9023; to Alter or Amend the Order of the Court under FRBP Rule 9023; and, in the Alternative, Motion for Reconsideration under FRBP Rule 9024," issued by the bankruptcy court on June 6, 2013 ("June 6, 2013 Order").  (ECF No. 1).  On June 7, 2013, Appellant

1   filed an election to have the appeal heard by the district court.  *Id*.

2       On June 7, 2013, Appellant filed the Ex Parte Motion for Stay Pending Appeal.  (ECF

3   No. 2).  Appellant moves pursuant to Federal Rule of Bankruptcy Procedure 8005 for "an

4   order staying the lender's June 10, 2013 sale of Debtor's real property after the Bankruptcy

5   Court entered an order granting said lender relief from stay and the Bankruptcy Court

6   refused to reconsider that order despite clear and convincing evidence that the Bankruptcy

7   Court's factual conclusions for the original order granting relief were based on an incorrect

8   fair market value of the Debtor's fair market value, pending the outcome of Debtor's appeal

9   before the United States District Court for the Southern District of California."  *Id*. at 1.

10  Appellant attached exhibits to the Ex Parte Motion for Stay Pending Appeal, including: (1)

11  the transcript of the May 9, 2013 hearing before the bankruptcy court on the motion for relief

12  from the automatic stay filed by Appellee IndyMac Venture, LLC; (2) the order granting the

13  motion for relief from the automatic stay issued by the bankruptcy court on May 23, 2013;

14  (3) the June 6, 2013 Order denying Appellant's motion to reconsider the May 23, 2013

15  order; and (4) the briefs and other submissions filed with the bankruptcy court in favor of

16  and in opposition to the motion for relief from the automatic stay and the motion to

17  reconsider.  *See* ECF No. 2-2 to 2-11.

18      Among the submissions filed with the bankruptcy court in support of Appellant's

19  motion to reconsider was a Declaration of Ross C. Bouman, dated May 28, 2013.  In the

20  declaration, Bouman, a California State Licensed Appraiser, states that he performed two

21  appraisals of the property at issue in this appeal, commonly known as 5955 La Jolla Corona

22  Dr., La Jolla, California ("Property").  (ECF No. 2-10 at 16-18).  Bouman states that he

23  initially performed an appraisal of the Property and arrived at an appraised value of

24  $5,800,000, subject to the condition that the Property is appraised as "turn key," with all

25  finished materials installed and all features requiring repair assumed to have taken place.  *Id*.

26  at 17.  This "turn key" appraisal was submitted to the bankruptcy court prior to the May 9,

27  2013 hearing on the motion for relief from the automatic stay.  Bouman states that, on May

28  14, 2013, he arrived at an appraised value of $5,100,000, subject to the condition that the

1  Property is appraised "as is." *Id*. at 17-18.  Bouman states that his "as is" appraisal report

2  "was delayed due to personal time constraints, researching and reviewing stigmatic loss date,

3  and reviewing construction cost information for the cost to complete the unfinished items

4  and repair defective construction." *Id*. at 17.  Bouman states that the "as is" appraisal report

5  "was submitted in as timely a fashion as possible given the magnitude of the assignment and

6  the time needed to research and review data." *Id*.  Bouman's "as is" appraisal report was

7  submitted to the bankruptcy court for the first time with the motion to reconsider.

8       Appellant contends that the bankruptcy court granted the motion for relief from the

9  automatic stay "based on the Debtor's initial, scheduled value of $1,500,000 on the Subject

10  Property." (ECF No. 2 at 11).  Appellant contends that, based on the scheduled $1,500,000

11  valuation, the Bankruptcy court made its decision assuming that "the Debtor's Subject

12  Property did not provide any equity to the Debtor and that the Subject Property was not

13  necessary to an effective reorganization." *Id*.  Appellant contends that Bouman's "as is"

14  appraisal report constitutes new evidence establishing that Appellant has "more than

15  $1,000,000" in equity in the Property. *Id*.  Appellant contends that the bankruptcy court's

16  failure to consider Bouman's "as is" appraisal report, which is "the only effective evidence

17  of [the Property's] value," is "a clear abuse of discretion." *Id*.

18       On June 7, 2013, Appellee filed an opposition to the Ex Parte Motion for Stay Pending

19  Appeal. (ECF No. 3).  Appellee attached exhibits to the opposition, including orders issued

20  by this Court and the San Diego Superior Court in litigation involving the Property at issue

21  in this appeal.  Appellee contends:

22         Undeterred by multiple-court denials of requests to prevent IndyMac's June 10,
       2013 foreclosure sale, Kamran Banayan ('Banayan') and YBA press forward

23         with an appeal of the Bankruptcy Court's June 6, 2013 order denying YBA's
       reconsideration motion.... Unfortunately, Banayan and YBA simply refuse to

24         accept the reality of multiple prior rulings of the District Court, Bankruptcy
       Court and San Diego Superior Court and therefore continue to vexatiously file

25         meritless motions that fail to carry the applicable burden of proof.

26  *Id*. at 2.  Appellee contends that "YBA shows no likelihood of prevailing on the merits of

27  reversing the Bankruptcy Court's Reconsideration Order as an abuse of discretion," because,

28  *inter alia*, "[t]he Bankruptcy Court clearly granted relief from stay on bases that were

1  independent of valuation [of the Property]," and "YBA's reconsideration motion simply

2  failed to prove that the alleged newly discovered evidence was discovered after trial or that

3  the exercise of due diligence would not have resulted in the evidence being discovered at an

4  earlier stage." *Id*. at 6.

5  **II.  Discussion**

6      The bankruptcy court's June 6, 2013 Order, which is the order being appealed, states:

7      Not approved.  Argument in support of reconsideration motion ignores that
       Court also premised stay relief on 'cause' (see transcript attached to opposition
8      filed by IndyMac).  Further, there is no 'newly-discovered' evidenced that
       could not have been discovered pre-hearing; Debtor merely asked the appraiser
9      for different information that he could have provided.

10  (ECF No. 1 at 4).

11      Federal Rule of Bankruptcy Procedure 8005 provides that a district court may order

12  a stay of a judgment, order or decree of a bankruptcy court pending appeal.  *See* Fed. R.

13  Bankr. P. 8005.  "When deciding whether to issue a discretionary stay pending a bankruptcy

14  appeal, courts use the following four factors: (1) Movant's likelihood of success on the

15  merits of the appeal; (2) significant and/or irreparable harm that will come to Movant absent

16  a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest

17  lies."  *In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008) (citing *Hilton v.*

18  *Braunskill*, 481 U.S. 770, 776 (1987)).

19      **A.    Likelihood of Success on the Merits**

20      "Showing a 'likelihood of success' requires that the movant raise questions going to

21  the merits so serious, substantial, difficult and doubtful as to make them a fair ground for

22  litigation and thus for more deliberate inquiry."  *Id*. at 121 (citing *County of Alameda v.*

23  *Weinberger*, 520 F.2d 344, 349 n.12 (9th Cir. 1975)).

24      The parties agree that the standard of appellate review of the June 6, 2013 Order

25  denying Appellant's motion to reconsider is abuse of discretion.[1]  *See In re JWJ Contracting*

26  *Co., Inc.*, 287 B.R. 501, 502 (9th Cir. BAP 2002), *aff'd* 371 F.3d 1079 (9th Cir. 2004).

27

28
    _____
    [1]  *See* ECF No. 2 at 10; ECF No. 3 at 4.

Reconsideration is appropriate if the moving party demonstrates: (1) a manifest error of fact; (2) a manifest error of law; or (3) newly discovered evidence. *See id*. at 514 (citing *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978)). "In order to establish that the court abused its discretion in denying [a] motion for reconsideration on the basis of ... newly discovered evidence, [appellant] ha[s] to show that '(1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case.'" *In re La Sierra Fin. Servs., Inc.*, 290 B.R. 718, 733 (9th Cir. B.A.P. 2002) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928-29 (9th Cir. 2000)).

After review of the submissions of the parties, the Court finds that Appellant has "raise[d] questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *In re North Plaza, LLC*, 395 B.R. at 121. Accordingly, the Court finds that the first factor favors granting a stay pending resolution of the appeal of the June 6, 2013 Order.

**B.      Significant And/or Irreparable Harm to the Movant**

Appellant contends that losing real property through foreclosure is presumed to constitute irreparable injury. Appellee does not challenge Appellant's contention that Appellant will suffer significant and/or irreparable harm absent a stay. The Court finds that Appellant has adequately shown that the second factor favors granting a stay pending resolution of the appeal of the June 6, 2013 Order.

**C.      Harm to the Adverse Party**

Appellee contends that it will suffer harm if a stay is granted because "the collateral is in jeopardy of suffering continuing waste due to moisture intrusion and rot. The adverse conditions on the Property ... prove that the balance of harms tips in favor of IndyMac since IndyMac is likely to foreclose and any delay in foreclosure increases the risk of loss in the collateral." (ECF No. 3 at 6). In order the reduce the harm Appellee may suffer by a lengthy stay pending appeal, the Court finds that this appeal should be expedited pursuant to Federal

Rule of Bankruptcy Procedure 8019.  *See* Fed. R. Bankr. P. 8019 ("In the interest of expediting decision or for other cause, the district court ... may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002 and 8013, and may order proceedings in accordance with the direction.").  As set forth below, the Court orders an expedited briefing schedule and hearing date.

### D.   Public Interest

"[T]he public interest [favors] speedy and accurate bankruptcy proceedings...." *In re N. Plaza, LLC*, 395 B.R. at 127.  In order to balance the public interest in *speedy* proceedings with the public interest in *accurate* proceedings, the Court enters a stay of the foreclosure sale and orders an expedited briefing schedule and hearing date to resolve the appeal of the June 6, 2013 Order.

### E.   Bond

Appellee has not requested that Court require the filing of a bond or other security in the event the Ex Parte Motion for Stay Pending Appeal is granted.  Accordingly, the Court declines to condition the stay pending appeal on the filing of a bond or other security.

## III.   Conclusion

IT IS HEREBY ORDERED that the Ex Parte Motion for Stay Pending Appeal is GRANTED.  (ECF No. 2).  Pursuant to Federal Rule of Bankruptcy Procedure 8005, a stay is hereby imposed as against Appellee Indymac Venture, LLC against taking any further action as against the Appellant's real property, commonly referred to as 5955 La Jolla Corona Drive, La Jolla, California 92037, including completing a foreclosure sale on June 10, 2013, pending resolution of Appellant's appeal before this Court or until otherwise ordered by this Court.

IT IS FURTHER ORDERED that the Court will hear oral argument on this appeal from the bankruptcy court on **June 25, 2013 at 2:00 p.m. in Courtroom 14B**.  The Court orders the following appeal and briefing schedule: Appellant shall file any additional briefing and supporting exhibits no later than **June 14, 2013**; and Appellee shall file any additional briefing and supporting exhibits no later than **June 21, 2013**.  Any requirements or

provisions of Rules 8006-8009 of the Federal Rules of Bankruptcy Procedure which are inconsistent with this Order are suspended pursuant to Federal Rule of Bankruptcy Procedure 8019.

DATED:  June 10, 2013

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge